UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN THERIOT, et al.,

    Plaintiffs,                         CIVIL ACTION NO. 13-12180

    v.                                DISTRICT JUDGE TERRENCE G. BERG

                                  MAGISTRATE JUDGE MARK A. RANDON

WALTER BATES, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTIONS TO PROCEED *IN FORMA PAUPERIS*, APPOINT COUNSEL,
AND BRING IN THIRD PARTY PLAINTIFF (DKT. NOS. 2, 3, 4)**

**I.   INTRODUCTION**

    Kevin Theriot is a Michigan prisoner, barred from proceeding *in forma pauperis* by the three-strikes rule.[1]  In an apparent effort to circumvent the rule – three of Theriot's relatives – Brian Theriot, Evania Campbell, and Rainah Caldwell (collectively "Plaintiffs") filed suit

---

[1] The so called "three-strikes rule" is set forth in 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It has been previously determined that Kevin Theriot has accumulated at least three strikes. *Theriot v. Bates*, No. 2:12-cv-200, 2012 WL 2523412, at *6 (W.D. Mich. June 29, 2012).

against 63 individuals on his behalf.  Plaintiffs allege that:

> [the] defendants have systematically and severally violated the Constitutional Rights of . . . Kevin Theriot[;] have aided and abbetted[sic] the illegal actions of co-workers[;] [and,] acted above the law, rules, procedures, and statutes. *Although the incidents happened personally to Kevin Theriot, we the plaintiffs . . . who love[] Kevin Theriot, has[sic] suffered mental anguish after hearing of all the incidents that has[sic] happened to him.*

(Dkt. No. 1 at p. 4 (CM/ECF)) (emphasis added).  Kevin Theriot filed an Affidavit in support of Plaintiffs' Complaint.  Plaintiffs request injunctive relief: that Kevin Theriot be released from prison; and, monetary damages.

Plaintiffs have three motions pending: (1) motion to proceed *in forma pauperis* (Dkt. No. 2); (2) motion to appoint counsel (Dkt. No. 3); and, (3) motion to bring in a third-party plaintiff (Dkt. No. 4).  Because Plaintiffs lack standing to bring constitutional claims on behalf of Kevin Theriot, and this Court lacks subject matter jurisdiction over Plaintiffs' mental anguish claim, this Magistrate Judge **RECOMMENDS** that Plaintiffs' motions be **DENIED**, and their Complaint be **DISMISSED**.

## II.   ANALYSIS

"Federal courts are courts of limited jurisdiction, and subject matter jurisdiction may be obtained only with the existence of diverse parties or a federal question."  *GGNSC Vanceburg, LLC v. Taulbee*, No. 5:13-CV-71-KSF, 2013 WL 4041174, at *1 (E.D. Ky. Aug. 7, 2013) (citing *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010); 28 U.S.C. §§ 1331, 1332). "Diverse parties" means:

> civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that

>    the district courts shall not have original jurisdiction under this subsection
>    of an action between citizens of a State and citizens or subjects of a
>    foreign state who are lawfully admitted for permanent residence in the
>    United States and are domiciled in the same State;
>
> (3)    citizens of different States and in which citizens or subjects of a foreign
>        state are additional parties; and
>
> (4)    a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. §1332. A federal question is a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "Lack of subject matter jurisdiction is a non-waivable, fatal defect which can be raised by the Court at any time." *Johnson v. Bureau of Workers Comp.*, No. 1:13-CV-00899, 2013 WL 3992585, at *2 (N.D. Ohio Aug. 5, 2013) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)).

There is no diversity between the parties; they are all Michigan citizens. And, Plaintiffs lack standing to allege constitutional claims for injuries that allegedly occurred to Kevin Theriot. *See Foos v. City of Delaware*, 492 Fed. Appx. 582, 592 (6th Cir. 2012):

> It is well established in this Circuit that a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort. Therefore, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim. [C]onversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members. Those kinds of injuries are appropriately raised in a state tort law cause of action.

(Internal citations and quotation marks omitted); *see also Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (same).[2]

Finally, Plaintiffs' claim for "mental anguish" does not arise under federal law, and should be dismissed. *See Melton v. Michigan Corr. Comm'n*, No. 07-15480, 2009 WL 722688,

---

[2] Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1343 (Dkt. No. 1 at p. 3 (CM/ECF)). There is no such provision. Assuming Plaintiffs meant 28 U.S.C. § 1343, that statute is the "jurisdictional counterpart" to 42 U.S.C. § 1983. *See Dennis v. Higgins*, 498 U.S. 439, 446 n.5 (1991).

at *2 (E.D. Mich. March 17, 2009) ("[c]laims of intentional or negligent infliction of emotional distress arise under state tort law, not federal law, and cannot provide a basis for a claim under 42 U.S.C. § 1983 ").

### III. CONCLUSION

Because Plaintiffs lack standing to bring constitutional claims on behalf of Kevin Theriot, and this Court lacks subject matter jurisdiction over Plaintiffs' mental anguish claim, this Magistrate Judge **RECOMMENDS** that Plaintiffs' motions be **DENIED**, and their Complaint be **DISMISSED**. Specifically, Plaintiffs' constitutional claims should be dismissed with prejudice; any remaining state-law mental anguish claim should be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address

4

each issue contained within the objections specifically and in the same order raised.

          s/Mark A. Randon
          MARK A. RANDON
          UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 19, 2013, by electronic and/or first class U.S. mail.*

          *s/Eddrey Butts*
          *Case Manager to Magistrate Judge Mark A. Randon*